**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KLAUS PREILIPPER<br>5905 Tanglewood Drive<br>Bethesda, MD  20817 | )<br>)<br>)<br>) | |
| Plaintiff | ) | Case No. |
| vs. | )<br>) | |
| WASHINGTON HOSPITAL CENTER<br>110 Irving Street, N.W.<br>Washington, D.C.  20010 | )<br>)<br>)<br>) | **JURY TRIAL DEMANDED** |
| and | )<br>) | |
| MEDSTAR HEALTH<br>5565 Sterrett Place, 5th Floor<br>Columbia, MD  21044 | )<br>)<br>)<br>) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Klaus Preilipper ("Plaintiff"), by and through his undersigned counsel, brings this action pursuant to 29 U.S.C. § 621(c)(1) and state law and for his Complaint state as follows:

**Parties**

1.    Plaintiff is a 51 year old adult male residing at 5905 Tanglewood Drive, Bethesda, MD 20817.  By virtue of his employment with Defendants, Plaintiff was at all relevant times an "employee" within the meaning of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621, *et seq*.  Plaintiff was a model employee, with no prior history of disciplinary action, from the inception of his employment with Defendants through the termination of his employment with Defendants.

2.     Defendant Washington Hospital Center (the "Hospital Center") does business in this District and is located at 111 Irving Street, N.W., Washington, D.C. 20010. The Hospital Center is, and was at all relevant times, an "employer" within the meaning of the ADEA. The Hospital Center is, and was at all relevant times, engaged in an industry affecting commerce and had fifteen or more employees for each working day in all calendar years since at least 2000.

3.     Defendant MEDSTAR HEALTH ("MEDSTAR"), a not-for-profit healthcare organization comprised of twenty-five integrated businesses including seven major hospitals in the Baltimore/Washington area. The hospitals are Franklin Square hospital Center, Good Samaritan Hospital, Harbor Hospital, and Union Memorial Hospital in Baltimore, Maryland, and the Hospital Center, Georgetown University Hospital and National Rehabilitation Hospital in Washington, DC. MEDTAR is, and was at all relevant time, engaged in an industry affecting commerce and had fifteen or more employees for each working day in all calendar years since at least 2000.

4.     Plaintiff brings this action for injunctive relief and damages and to secure protection of and to redress the deprivation of rights secured by the ADEA, and for violations of the common law of the District of Columbia and Sections 1303 and 1308 of the District of Columbia Code .

**Jurisdiction and Venue**

5.     This Court has jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331, because it involves an action arising under federal law. This Court has supplemental jurisdiction over Plaintiff's claims brought under state law pursuant to 28 U.S.C. § 1367(a), inasmuch as the state law claims are so related to the federal claim in this action that they form part of the same case or controversy under Article III of the United States Constitution.

6.	Venue in this District is proper pursuant to 28 U.S.C. § 1391(b).

## General Allegations

7.	As set forth below, Defendants have engaged in a pattern and practice of acts that have discriminated against Plaintiff in employment opportunities on account of his age.

8.	On or around April 12, 2004, Plaintiff was terminated from his position with MEDSTAR at Georgetown University Hospital in Washington, D.C., due to an alleged reduction in force.

9.	Approximately, two days later, Plaintiff received an unsolicited phone call from a representative of Defendants, offering Plaintiff a full-time temporary position as a Senior Compensation Analyst at the Hospital Center.

10.	Plaintiff accepted Defendants' offer of employment and began employment at the Hospital Center on April 26, 2004.

11.	As a result of Defendants' unsolicited phone call and offer of employment, and in reasonable reliance on that promise of employment, Plaintiff did not seek alternative employment subsequent to his termination from the Georgetown University Hospital.

12.	Based upon Plaintiff's performance – which either met or exceeded any and all expectations – Plaintiff's temporary status was changed to permanent full-time status on July 6, 2004, subject to a ninety-day probationary period.

13.	In the last week of October 2004, and only one week before the end of his probationary period, Plaintiff's direct supervisor, Keith Murvin, was terminated from the Hospital Center. Mr. Murvin was replaced by an individual named Kathleen Chapman. Ms. Chapman immediately informed Plaintiff that she would be extending his probationary period an additional thirty days. Ms. Chapman extended Plaintiff's probationary period even though

Plaintiff's prior supervisor, Keith Murvin, had repeatedly informed Plaintiff that he was very satisfied with Plaintiff's work and wished to keep Plaintiff on as a full-time permanent employee at the end of his ninety-day probationary period.

14. On November 3, 2004, Ms. Chapman informed Plaintiff that he was being terminated from his position as a Senior Compensation Analyst at the Hospital Center because his performance allegedly did not meet her expectations. Ms. Chapman did not provide Plaintiff with any written notice of any alleged performance deficiencies *prior* to his termination.

15. During the approximately one year prior to his termination from the Hospital Center, Defendants terminated or forced out all other Senior Compensation Analysts (all of whom were over the age of forty). As a result, whereas the average age of the analysts in the department was in the high forties to mid fifties approximately one year prior to Plaintiff's termination, the average age of those analysts employed in the department shortly following Plaintiff's termination was under forty.

16. The position that Plaintiff held, and was fully qualified to hold, at the Hospital Center was filled by equally or less qualified individuals significantly younger than Plaintiff.

## Count I (Violation of Title ADEA)

17. Plaintiff incorporates and realleges paragraphs 1 through 16 of the Complaint as if fully set forth herein.

18. On or about February 9, 2005, Plaintiff filed a charge of discrimination alleging a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 6321, *et seq.*, (the "ADEA") with the Washington D.C. Field Office of the Equal Employment Opportunity Commission.

19. More than sixty days have passed since Plaintiff filed his charge of discrimination and Plaintiff has met all administrative prerequisites to filing an action arising under the ADEDA.

20. Defendants are both in an industry affecting commerce, as defined in Section 11(h) of the ADEA, 29 U.S.C. § 630(h), and Defendants both have employed more than twenty employees for each working day in each of twenty or more calendar weeks in the current and preceding calendar years. Defendants are both "employer(s)" as that term is defined in Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

21. Defendants' actions in terminating Plaintiff's employment, in favor of hiring much younger candidates for Plaintiff's former position, were willful and with reckless disregard for Plaintiff's federally protected rights.

22. Defendants' actions, including Defendants' unlawful, willful and discriminatory termination of Plaintiff's employment on account of his protected classification (age), violated the ADEA.

23. Defendants willfully discriminated against Plaintiff on account of his age in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1).

24. As a direct and proximate consequence of Defendants' unlawful and discriminatory employment policies and practices, Plaintiff has suffered a loss of actual and potential income, and other company-sponsored benefits. Plaintiff has also suffered, as a direct and proximate cause of Defendants' unlawful and discriminatory employment policies and practices, emotional distress, humiliation, embarrassment, great expense and damage to his reputation.

WHEREFORE, Plaintiff demands judgment against Defendant including:

(a) a declaratory judgment, pursuant to 28 U.S.C. § 2201-2202, that Defendants have willfully violated the ADEA;

(b) a money judgment representing compensatory and consequential damages, including back pay, lost wages, prejudgment interest, and damages for all

          employment benefits he would have received but for the discriminatory acts and practices of Defendants;

(c)     a money judgment representing liquidated damages for Defendants' willful violations of the ADEA;

(d)     a court order that Defendants pay Plaintiff front pay, in an amount to be determined;

(e)     punitive damages;

(f)     compensatory damages in excess of $150,000;

(g)     an award of reasonable attorneys' fees and costs and expenses;

(h)     such other legal and equitable relief this Court deems to be just and appropriate.

### Count II (Promissory Estoppel)

25.     Plaintiff incorporates and realleges paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26.     Defendants' unsolicited phone call and offer of employment to Plaintiff immediately following Defendants' termination of Plaintiff's employment with the Georgetown University Hospital constituted a promise of employment.

27.     As a result of Defendants' actions noted above, Plaintiff was reasonably induced to forgo searching for alternative employment opportunities subsequent to Defendants' termination of Plaintiff's employment with the Georgetown Medical Center. Because Plaintiff had previously worked for both Defendant Hospital Center and Defendant MEDSTAR for a number of years, and because of the incredibly short time frame between his termination from the Georgetown University Hospital and Defendants' offer of employment to Plaintiff to work at the Hospital Center, Plaintiff has a reasonable expectation that Defendants presumed him to be

qualified for employment at the Hospital Center and that Defendants would not unfairly or unreasonably terminate his employment at the Hospital Center. As such, Plaintiff reasonably relied upon Defendants' promise of employment in not seeking other employment opportunities.

28.  As a direct and proximate result of Defendants intentional acts, Plaintiff reasonably relied upon Defendants' promise of employment to his detriment. Specifically, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer emotional distress, humiliation, great expense, embarrassment and damage to his reputation.

29.  Enforcement of Defendants' promise to Plaintiff would be in the public interest and would prevent manifest injustice.

WHEREFORE, Plaintiff demands judgment against Defendant:

(a) requiring Defendant to reinstate Plaintiff to his positions of equal duties and responsibilities as Plaintiff would have received but for Defendants' conduct;

(b) awarding Plaintiff back pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

(c) awarding Plaintiff compensatory and punitive damages;

(d) awarding Plaintiff reasonable attorneys' fees and costs incurred in this action; and

(e) ordering any other legal and equitable relief this Court deems to be just and appropriate.

**Count III (Unpaid Wages Due and Owing Under D.C. Code §§ 32-1303 and 32-1308)**

30.  Plaintiff incorporates and realleges paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. At the time of Defendants' termination of Plaintiff's employment with the Hospital Center, Defendants owed Plaintiff unpaid wages for unused sick and vacation leave in the amount of approximately between $2,000 and $6,000.

32. Section 32-1303 of the District of Columbia Code requires that whenever an employer discharges an employee, the employer shall pay the employee's wages earned not later than the working day following such discharge in most instances, and in any event no later than four days from the date of discharge.

33. As relevant here, the wages Defendants failed to pay Plaintiff for unused sick and vacation leave constitute "wages" under D.C. Code § 32-1303.

34. To date, Defendants have not paid such wages to Plaintiff.

35. Pursuant to D.C. Code §1308, Plaintiff is entitled to recover the aforementioned unpaid wages. Plaintiff is also entitled to recover liquidated damages in the amount of 10 per centum of the unpaid wages for each working day from one day subsequent to his termination from the Hospital Center until such time as Defendants have paid these unpaid wages or such time as the Court awards Plaintiff such wages, or the amount of the unpaid wages (whichever amount is smaller). Plaintiff is also entitled to recover attorneys' fees for this claim.

36. This Court has jurisdiction over this specific claim pursuant to D.C. Code § 1308.

WHEREFORE, Plaintiff demands judgment against Defendant:

(a) awarding Plaintiff compensatory damages (the unpaid wages);

(b) awarding Plaintiff liquidated damages;

(c) awarding Plaintiff reasonable attorneys' fees and costs incurred in this action; and

(d) ordering any other legal and equitable relief this Court deems to be just and appropriate.

## Jury Demand

Plaintiff demands a trial by jury.

Dated:  July 7, 2005                                   Respectfully submitted,


                                                       _____//s//_____
                                                       James C. Bailey (D.C. # 462391)
                                                       jcb@becounsel.com
                                                       Jason H. Ehrenberg (D.C. # 469077)
                                                       jhe@becounsel.com
                                                       BAILEY & EHRENBERG PLLC
                                                       1155 Connecticut Avenue N.W.
                                                       Suite 1100
                                                       Washington, D.C. 20036
                                                       Tel: (202) 465-4729
                                                       Fax: (202) 318-7071
                                                       jhe@becounsel.com

                                                       **Attorneys for Plaintiff**