**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KLAUS PREILIPPER** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Civil Action No: 05-cv-01359** |
| ) | |
| **WASHINGTON HOSPITAL CENTER** ) | |
| ) | |
| and ) | |
| ) | |
| **MEDSTAR HEALTH** ) | |
| Defendants. ) | |

**DEFENDANTS WASHINGTON HOSPITAL CENTER AND MEDSTAR HEALTH'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Washington Hospital Center and MedStar Health, through counsel King Pagano Harrison, hereby request that, within thirty (30) days of service of this request, Plaintiff Klaus Preilipper, produce for inspection and copying at the law offices of King Pagano Harrison, 1730 Pennsylvania Avenue, Suite 900, Washington, DC 20006, any and all documents described herein.

**I.**

**DEFINITIONS AND INSTRUCTIONS**

The following definitions apply to each request set forth herein:

   A.   "DEFENDANTS" means Washington Hospital Center, MedStar Health, their agents, employees, officers, directors, and representatives.

B.      "PLAINTIFF" shall refer to Klaus Preilipper, his agents, representatives, and attorneys, and each person acting or purporting to act on his behalf.

C.      "COMPLAINT" refers to the Complaint in the civil action entitled <u>Klaus Preilipper v. Washington Hospital Center and MedStar Health</u>, Civil Action No. 05-cv-01359, United States District Court for the District of Columbia.

D.      "DOCUMENT" means printed, typed, written, handwritten, recorded, taped, electronic, graphic or other tangible matter from whatever source however produced or reproduced, of any and all such matter, including, without limitation, the original, regardless of origin or location, of any correspondence, notation, paper, book, pamphlet, periodical, letter, diary, memorandum, statement, application, affidavit, telegram, cable, report, evaluation, record, memorial of any type of personal or telephone conversations, meetings or conferences (including, but not limited to, telephone bills and long distance telephone charge slips), stenographic or handwritten note, minute, invoice, bill of lading, receipt, voucher, charge slip, statement, chart, graph, map, diagram, blueprint, table, calendar, desk pad, appointment book, index, picture, voice recording, transcript, worksheet, summary, list, tabulation, digest, canceled or non-canceled checks or drafts, tape, microfilm, tape-data sheet or data sheet or data processing card or disc and copies and reproductions of any of the above that differ in any respect from the original, such as copies containing marginal notations or other variations, and all other records or writings, however produced or reproduced.  Designated documents are to be taken as including all attachments, exhibits, enclosures, appendices, and other documents that relate to or refer to such designated documents.  The enumeration of various specific items as included within the definition of the word "document" shall not be taken to limit the generality of this word, and the

requests herein are directed or intended to obtain any "document" in the broadest and most comprehensive sense and meaning of that word.

  E.  "PERSON" shall refer to any natural person, firm, association, partnership, corporation, or other form of legal business entity.

  F.  "RELATING," "RELATE," "CONCERN," or "CONCERNING" mean referring to, having any relationship to, pertaining to, evidencing or constituting evidence of, whether in whole or in part, the subject matter of the particular request.

## II.

## INSTRUCTIONS

  A.  All requested documents are to be produced unedited.

  B.  If any document falling within any description contained in the following requests is withheld under a claim of privilege, Plaintiff shall identify such document by specifying the following information as to each such document: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the name(s) of the person(s) or entity who drafted, authored or prepared the document; (e) the title of the document (e.g., letter, memorandum, telegram, etc.); (f) number of pages in the document; (g) the form of the document (e.g., writing, recording, etc.); (h) the name(s) of the person(s) or entity to whom it was addressed or directed; (i) the name(s) of the person(s) or entity to whom the item or any copy or reproduction thereof (including "carbon copies" and "blind carbon copies") was ever addressed; (j) attachments and appendices to the document; (k) the present custodian of the document; (l) the type of privilege claimed; and (m) a statement of the basis for the assertion of the privilege claimed.

C. This request is continuing in nature so as to require further and supplemental production if Plaintiff discovers, receives, or generates additional responsive documents between the time of original production and the time of trial.

## III.

## DOCUMENTS REQUESTED

1. All documents that evidence, refer, or relate to Plaintiffs' employment by Washington Hospital Center for the entire period of his employment, including but not limited to, performance evaluations, warning or discipline letters, medical records, payroll records, grievances or complaints, including responses, if any, from Washington Hospital Center, and business diaries and calendars.

2. All documents received by Plaintiff from Washington Hospital Center or MedStar Health during the period of his employment, including but not limited to, employment manuals, handbooks, personnel policies, letters, and memoranda.

3. All documents that evidence, refer, or relate to any conversations between Plaintiff and any Washington Hospital Center employee, representative, or member of the Hospital's management, in person or over the telephone, including notes or tape recordings of such conversations, that relate to Plaintiff's claims in this case.

4. All documents regarding allegations of employment discrimination of any kind which Plaintiff submitted to or received from any governmental agency, including but not limited to any law enforcement agency, the EEOC, the District of Columbia Department of Employment Services, and the District of Columbia Human Rights Office <u>whether or not related to the instant Complaint</u>.

5. All documents that evidence, refer, or relate to any alleged damages suffered by Plaintiff as a result of Washington Hospital Center and/or MedStar Health's alleged actions, including lost wages and benefits.

6. All documents relating to any services performed by Plaintiff, other than for Washington Hospital Center, from the date of Plaintiff's employment at Washington Hospital Center to the present, as an employee, agent, investor, independent contractor, broker, manager, or owner of any other person, employer, or enterprise, and all documents relating to salary, income, or revenue resulting from such services or relationship.

7. All documents relating to any previous grievances, legal actions, or complaints alleging discrimination brought by Plaintiff against any former employer or against any individual employee of the employer.

8. Any and all documents relating in any way to Washington Hospital Center, MedStar Health, or their employees.

9. Any statements made by Plaintiff or any other person that relate to the facts and/or claims contained in the Complaint.

10. Any notes, reports, diaries, or other documents reflecting discussions or interviews with Plaintiff or any other person concerning the facts and/or claims contained in the Complaint.

11. All documents that support, refer, or relate to the allegations contained in Plaintiff's Complaint.

12. All documents that support, refer, or relate to Plaintiff's claim that he is owed unpaid wages for unused sick and vacation leave.

13. All documents that support, refer, or relate to Plaintiff's claim for punitive damages.

Dated: December 15, 2005

/s/
Keith J. Harrison (D.C. Bar No. 416755)
Sabrina L. Dennis (D.C. Bar No. 484090)
KING PAGANO HARRISON
1730 Pennsylvania Ave, N.W., Suite 900
Washington, DC 20006
(202) 371-6800
(202) 371-6770 (fax)

Counsel for Defendants

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 15th day of December 2005, I caused a copy of the foregoing DEFENDANTS WASHINGTON HOSPITAL CENTER AND MEDSTAR HEALTH'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS to be delivered via hand delivery and facsimile to the following individual:

>Jason H. Ehrenberg
>Bailey & Ehrenberg, PLLC
>1155 Connecticut Avenue, N.W.
>Suite 1100
>Washington, D.C.  20036
>
>
>Counsel for Plaintiff

                                             /s/
                                    Sabrina L. Dennis