IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KLAUS PREILIPPER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 05-cv-01359 |
| ) | |
| WASHINGTON HOSPITAL CENTER ) | |
| ) | |
| and ) | |
| ) | |
| MEDSTAR HEALTH ) | |
| Defendants. ) | |

**<u>DEFENDANTS WASHINGTON HOSPITAL CENTER AND MEDSTAR HEALTH'S FIRST SET OF INTERROGATORIES</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants Washington Hospital Center and MedStar Health, through counsel King Pagano Harrison, hereby requests, within thirty (30) days of service of these Interrogatories, that Plaintiff Klaus Preilipper answer the following Interrogatories separately, under oath and in accordance with the instructions below.

**I.**

**<u>DEFINITIONS</u>**

1.      "PERSON" or "PERSONS" means any or all individuals and entities, including, but not limited to, any or all individuals, entities, sole proprietorships, associations, companies, partnerships, joint ventures, corporations and any of their present or former agents, officers,

directors, employees, and independent contractors.

2. "DOCUMENT," as used herein, means printed, typed, written, handwritten, recorded, taped, electronic, graphic or other tangible matter from whatever source, however produced or reproduced, of any and all such matter, including, without limitation, the original, regardless of origin or location, of any correspondence, notation, paper, book, pamphlet, periodical, letter, diary, memorandum, statement, affidavit, telegram, cable, report, evaluation, record, memorial of any type of personal or telephone conversations, meetings or conferences (including, but not limited, telephone bills and long distance telephone charge slips), stenographic or handwritten note, minute, invoice, receipt, voucher, charge slip, statement, chart, graph, map, diagram, blueprint, table, calendar, desk pad, appointment book, index, picture, voice recording, transcript, e-mail, worksheet, summary, list, tabulation, digest, canceled or uncanceled check or drafts, tape, microfilm, tape-data sheet or data sheet or data processing card or disk and copies and reproductions of any of the above that differ in any respect to the original, such as copies containing marginal notations or other variation and all the records or writings, however produced or reproduced. Designated documents are to be taken as including all attachments, exhibits, enclosures, appendices, and other documents that relate to or refer to such designated documents. The enumeration of various and specific items as included within the definition of the word "document" shall not be taken to limit the generality of this work, and the requests herein are directed or intended to obtain any "document" in the broadest and most comprehensive sense and meaning of that word.

3. "COMMUNICATION" or "COMMUNICATED" means any oral or written utterance, notation, or statement of any nature whatsoever, by or to whomever made including, but not limited to, correspondence, conversations, dialogue, discussions, interviews,

consultations, agreements and other understandings between two or more persons.

    4.    "IDENTIFY" or "IDENTITY," when referring to a natural person, means to give, to the extent known, the person's full name, present or last known address, the present or last known place of employment or business affiliation, the respective title or position and how long such position has been held. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

    5.    "IDENTIFY" or "IDENTITY," when referring to any legal entity other than natural persons, including companies, corporations, associations, partnerships, or joint ventures means to give the full name and type of organization or entity and the address or principal place of business.

    6.    "IDENTIFY," with respect to documents, means to give to the extent known, the type of document; the general subject matter of the document; the date of the document; and the author(s), addressee(s) and recipient(s).

    7.    "PLANTIFF" and "DEFENDANT," as well as a party's full or abbreviated name or a pronoun referring to a party, mean the parties and, where applicable, their agents, employees and assignees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

    8.    "RELATING" means reflecting, relating to, concerning referring to, pertaining to, describing, evidencing or constituting.

    9.    "YOU" means Klaus Preillipper, his agents representatives and attorneys to the fullest extent the context permits.

    10.    The following rules of construction apply to all discovery requests:

"ALL/EACH." The terms "all" and "each" shall be construed as all and each.

"AND/OR." The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

"SINGLE/PLURAL." The use of the singular form of any word includes the plural and vice versa.

11. Unless otherwise indicated, all interrogatories request information from the date of Plaintiff's employment at Washington Hospital Center to the present.

## II.

## INSTRUCTIONS

1. If you refuse to answer an interrogatory, your response to such interrogatory should comport with the Federal Rules of Civil Procedure and the Local Rules of this Court.

2. If you refuse to answer an interrogatory because of a claim of privilege or work product, state the following information as to each such communication or document:

    a) the date;

    b) the individual(s) who participated in the communication or, where applicable, the author of the document;

    c) the general subject matter of the communication or document;

    d) type of document (e.g., letter, memorandum, telegram, etc.), including number of pages (if applicable);

    e) the name(s) of the person(s) or other entity or entities to whom it was addressed or directed;

    f) the name(s) of each person or entity to whom the item or any copy or

        reproduction thereof (including carbon copies and blind carbon copies) was ever addressed;

    g)     attachment and appendices;

    h)     present custodian;

    i)     type of privilege claimed;

    j)     a statement of the basis for the assertion of the privilege claim; and

    k)     whether any third party has knowledge of the information claimed to be privileged.

3.     If your answer to an interrogatory contains an objection, then state, in addition to the objection:

    a)     the basis for the objection;

    b)     the precise rule of law under which the objection is made; and

    c)     whether the objection applied to the entire interrogatory or only a portion of the applicable request.

4.     These requests shall be deemed to be continuing in nature so as to require further and supplemental response if Plaintiff discovers, receives, or generates additional information between the time of her responses and the time of trial.

5.     If any document requested has been lost, discarded, or destroyed, such documents so lost, discarded, or destroyed shall be identified as completely as possible. Identification of such documents shall include, without limitation, the information required above under "privileged or proprietary documents," as well as: date of disposal, manner of disposal, reason for disposal, person authorizing disposal, persons having knowledge of the disposal, and the persons disposing of the document.

## III.

## **INTERROGATORIES**

1. Identify each person who provided information for or participated in the preparation of the responses to these Interrogatories. For each such person, identify the specific Interrogatory or Interrogatories for which he or she provided information, the information he or she provided and whether that person has personal knowledge of the information set forth in the responses.

2. Identify and describe in detail all conversations, discussions, and communications by or between Plaintiff and the Defendants relating to any of the facts, allegations or claims at issue in this lawsuit.

3. Identify and describe each and every person possessing personal knowledge of any facts alleged in the Complaint and the specific factual knowledge each possesses.

4. Identify each person Plaintiff will call or might call as a witness should this matter proceed to trial, and for each person identified, specify the factual matters upon which he or she might offer testimony.

5. Identify all exhibits upon which you may rely at trial or that you may seek to introduce into evidence at a hearing or at the trial of this action.

6. Identify any person Plaintiff will call or might call as an expert witness, should this matter proceed to trial, and for each person identified, specify the subject matter about which the person is an expert and the specific subject matter upon which he or she might offer testimony.

7.      Identify any services performed by Plaintiff, since termination of his employment with Washington Hospital Center to the present, as an employee, agent, investor, independent contractor, broker, manager, or owner of any other person, employer, or enterprise, and identify all salary, income, or revenue resulting from such services or relationship.

8.      Identify the Senior Compensation analysts allegedly "terminated or forced out" by the Defendants in the year prior to Plaintiff's termination from Washington Hospital Center, as set forth in ¶ 15 of the Complaint.

9.      Please describe in detail the method and the supporting facts used by Plaintiff to calculate the average age of the Senior Compensation Analysts as "in the high forties to mid fifties approximately one year prior to termination" and as "under forty" shortly following Plaintiff's termination, as set forth in ¶ 15 of the Complaint.

10.     Identify the "equally or less qualified individuals significantly younger than Plaintiff" that allegedly replaced Plaintiff, as set forth in ¶ 16 of the Complaint

11.     Please describe in detail the method and/or theory used by Plaintiff to compute his damages in this case.  Include in your answer a description and itemization of all damages Plaintiff claims resulted from the acts alleged in the Complaint.

Dated: December 15, 2005                              /s/
                                                    Keith J. Harrison (D.C. Bar No. 416755)
                                                    Sabrina L. Dennis (D.C. Bar No. 484090)
                                                    KING PAGANO HARRISON
                                                    1730 Pennsylvania Ave, N.W., Suite 900
                                                    Washington, DC 20006
                                                    (202) 371-6800
                                                    (202) 371-6770 (fax)

                                                    Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on this 15th day of December 2005, I caused a copy of the foregoing DEFENDANTS WASHINGTON HOSPITAL CENTER AND MEDSTAR HEALTH'S FIRST REQUEST FOR INTERROGATORIES to be delivered via hand delivery and facsimile to the following individual:

>Jason H. Ehrenberg
>Bailey & Ehrenberg, PLLC
>1155 Connecticut Avenue, N.W.
>Suite 1100
>Washington, D.C.  20036
>
>Counsel for Plaintiff

_____/s/_____
Sabrina L. Dennis