## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KLAUS PREILIPPER ) | |
| ) | |
| Plaintiff ) | Case No. 1:05CV01359 (CK) |
| ) | |
| vs. ) | |
| ) | |
| WASHINGTON HOSPITAL CENTER, et al. ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants. ) | |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
### MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Klaus Preilipper ( "Plaintiff") hereby submits this Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings as to Counts II and III of his Complaint against Defendants Washington Hospital Center and MedStar Health (collectively, "Defendant").

**I.      Procedural Posture**

Plaintiff initiated this action on July 8, 2005 by filing his three-count Complaint. At Count I of the Complaint, Plaintiff asserted a cause of action for discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 6321, et seq., (the "ADEA"), alleging that Defendant's actions in terminating his employment were willful, discriminatory, and on account of his age. *See* Docket Entry # 1. At Count II of the Complaint, Plaintiff asserted a cause of action for promissory estoppel, alleging that: (1) Defendant induced him to forego other employment opportunities with a promise of employment; (2) Plaintiff reasonably

relied upon Defendant's promise of employment in not seeking other employment opportunities; and (3) as a direct and proximate result of Defendant's intentional actions, Plaintiff suffered loss of employment, income, and other employment benefits. *Id*. Finally, at Count III of the Complaint, Plaintiff asserted a cause of action for unpaid wages due and owing under D.C. Code §§ 32-1303 and 32-1308, alleging that at the time of Defendant's termination of Plaintiff's employment, Defendant owed Plaintiff unpaid wages for unused sick and vacation leave in the amount of approximately $2,000 to $6,000, and that Defendant had not yet paid such wages to Plaintiff. *Id*.

Defendant answered the Complaint on September 6, 2005. In its Answer, Defendant admitted, denied and/or otherwise responded to paragraphs 1 through 24 of the Complaint. *See* Docket Entry # 3. Notably, Defendant did not admit, deny or otherwise respond to paragraphs 25 through 36 of the Complaint – which encompass Plaintiff's claims, and supporting factual allegations, for promissory estoppel and unpaid wages. *Id*. Thus, Defendant did not admit, deny or otherwise respond to Plaintiff's allegation at paragraph 26 of the Complaint that Defendant's unsolicited phone call and offer of employment to Plaintiff immediately following Defendant's termination of Plaintiff's prior employment with the Georgetown University Hospital constituted a promise of employment. *Id*. Nor did Defendant admit or deny: (1) the averment at paragraph 27 of the Complaint that, as a result of Defendant's actions, Plaintiff was induced to forgo searching for alternative employment opportunities and reasonably relied upon Defendant's promise of

employment with the Washington Hospital Center; (2) the averment at paragraph 28 of the Complaint that, as a direct and proximate cause of Defendant's intentional actions, Plaintiff reasonably relied upon Defendant's promise of employment to his detriment and suffered significant damages; and/or (3) the enforcement of Defendant's promise to Plaintiff would be in the public interest. *Id*.

Similarly, Defendant did not admit, deny or otherwise respond to the averment at paragraph 31 of the Complaint that, at the time of Defendant's termination of Plaintiff's employment with the Washington Hospital Center, Defendant owed Plaintiff unpaid wages in the amount of between $2,000 and $6,000. *Id*. Nor did Defendant admit or deny that: (1) pursuant to Section 32-1303 of the D.C. Code, Defendant was required to pay these wages to Plaintiff not later than four days from the date of Plaintiff's termination; and/or (2) pursuant to Section 32-1308 of the D.C. Code, Plaintiff is entitled to recover the aforementioned unpaid wages, is entitled to liquidated damages in the amount of ten (10) percent of the unpaid wages for each working day from one day subsequent to his termination from Defendant, and is entitled to attorneys' fees for this claim. *Id*.

Since Defendant's filing of its Answer on September 6, 2005, the parties have exchanged initial disclosures and served and responded to written discovery. Since Defendant's filing of its Answer on September 6, 2005, the parties have also participated in mediation, at which the facts and issues surrounding Counts II and

III of the Complaint were discussed. Significantly, however, Defendant has not, in the more than *five months* since September 6, 2005, made any attempt – whether by motion or otherwise – to amend its Answer to admit or deny the allegations that make up and support Counts II and III of the Complaint.

**II.      Argument**

Rule 12(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P." or "Federal Rules") provides in relevant part that "[a]fter the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 8(d) of the Federal Rules, in turn, provides in relevant part that "[a]verments in a pleading to which a responsive pleadings is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." Fed. R. Civ. P. 8(d).

Here, although *seven months* have passed since the commencement of this action, Defendant has failed to admit, deny or otherwise respond to the averments at paragraphs 25 through 36 of the Complaint (a pleading to which a responsive pleading is required). As such, the averments in paragraphs 25 through 36 of the Complaint are deemed admitted and Plaintiff is entitled to judgment on the counts contained therein. *See*, *e.g.*, *Steinberg v. International Criminal Police Organization*, 672 F.2d 927 (D.C. Cir. 1982); *Cambell v. Cambell*, 170 F.2d 809 (D.C. Cir. 1948).

**III.    Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant his Motion for Judgment on the Pleadings as to Counts II and III of the Complaint pursuant to Federal Rule of Civil Procedure 12(c).  In the alternative, because Defendant has failed to plead or otherwise defend as to Counts II and III of the Complaint, Plaintiff respectfully requests that a default judgment be entered against Defendant as to Counts II and III of the Complaint pursuant to Rule 55(b) of the Federal Rules.

Dated:  February 14, 2006                    Respectfully submitted,


                                                            //s// *Jason H. Ehrenberg*
                                                            _____
                                                            James C. Bailey
                                                            Jason H. Ehrenberg
                                                            BAILEY & EHRENBERG PLLC
                                                            1155 Connecticut Avenue NW
                                                            Suite 1100
                                                            Washington, D.C. 20036
                                                            Tel:  (202) 465-4729
                                                            Fax:  (202) 318-7071
                                                            jhe@becounsel

                                                            **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I, Jason H. Ehrenberg, hereby certify that on this 14th day of February 2006, I caused a true and correct copy of the foregoing to be served via the District Court's ECF electronic filing system upon the following:

Keith J. Harrison
King, Pagano & Harrison
1730 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20006

*//s//  Jason H. Ehrenberg*
_____
Jason H. Ehrenberg