# EXHIBIT

# A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**KLAUS PREILIPPER**                )
                                    )
       **Plaintiff,**               )
                                    )
v.                                  )   Civil Action No: 05-cv-01359
                                    )
**WASHINGTON HOSPITAL CENTER**      )
                                    )
       **and**                      )
                                    )
**MEDSTAR HEALTH**                  )
                                    )
       **Defendants.**              )
_____)

## AMENDED ANSWER

Defendants Washington Hospital Center and MedStar Health, Inc. ("Defendants") hereby file their Amended Answer to Plaintiff Klaus Preilipper's Complaint and in support of its Amended Answer states the following:

## PARTIES

1.  Defendants are without sufficient information with which to admit or deny the allegations contained in the first sentence of Paragraph 1 and, therefore, deny all allegations contained in the first sentence. The second sentence of Paragraph 1 sets forth legal conclusions to which no response is required.   Defendants deny all other allegations contained in Paragraph 1.

2.  Defendants admit that Washington Hospital does business in the District of Columbia and is located at 111 Irving Street, N.W., Washington, D.C., 20010. Defendants deny all other allegations contained in Paragraph 2.

3. Defendants admit that MedStar Health is a not-for-profit healthcare organization comprised of 25 integrated businesses including seven major hospitals in the Baltimore/Washington area. Defendants admit that these hospitals are Franklin Square Hospital Center, Good Samaritan Hospital, Harbor Hospital, Union Memorial Hospital, Hospital Center, Georgetown University Hospital, and National Rehabilitation Hospital. Each Hospital is a separate employer. Defendants deny all other allegations contained in Paragraph 3.

4. Paragraph 4 states the causes of action under which this suit has been brought and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 4.

**JURISDICTION**

5. Paragraph 5 of the Complaint sets forth jurisdictional allegations and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 5.

6. Paragraph 6 of the Complaint sets forth jurisdictional allegations to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 6.

**GENERAL ALLEGATIONS**

7. Defendants deny the allegations contained in Paragraph 7.

8. Defendants are without sufficient information with which to admit or deny the allegations contained in Paragraph 8 and, therefore, deny all allegations contained in Paragraph 8.

9. Defendants admit that at some point in April of 2004, Keith Murvin called Plaintiff to offer him a temporary position performing compensation analysis in the

Compensation Department within Human Resources  Defendants deny all remaining allegations contained in Paragraph 9.

10.     Defendants admit that Plaintiff began employment at the Hospital Center on or about April 26, 2004.  Defendants deny all remaining allegations contained in Paragraph 10.

11.     Defendants are without sufficient information with which to admit or deny the allegations contained in Paragraph 11 and, therefore, deny all allegations contained in Paragraph 11.

12.     Defendants admit that Plaintiff's status was changed from temporary to full-time, at-will status on July 6, 2004, when he was accepted to fill a vacancy created by a Senior Compensation Analyst who voluntarily terminated her employment. Defendants further admit that Plaintiff then became subject to a ninety-day probationary period.  Defendants deny all remaining allegations contained in Paragraph 12.

13.     Defendants admit that on September 28, 2004, Keith Murvin was no longer employed by the Hospital Center. Defendants further admit that Kathleen Chapman took over the position of Director of Compensation. Defendants further admit that Mrs. Chapman extended Plaintiff's ninety-day probationary period. Defendants deny all remaining allegations contained in Paragraph 13.

14.     Defendants admit the allegations contained in Paragraph 14.

15.     Defendants deny the allegations contained in Paragraph 15.

16.     Defendants deny the allegations contained in Paragraph 16.

## COUNT I (VIOLATION OF TITLE ADEA)

17.     Defendants repeat and reallege their responses to Paragraph 1-16 of the Complaint set forth above, in response to Paragraph 17 of the Complaint.

4

18. Defendants are without sufficient information with which to admit or deny the allegations contained in Paragraph 18 of the Complaint and, therefore, deny the allegations contained in Paragraph 18.

19. Defendants are without sufficient information with which to admit or deny the allegations contained in Paragraph 19 of the Complaint and, therefore, deny the allegations contained in Paragraph 19.

20. Paragraph 20 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 20.

21. Defendants deny the allegations contained in Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22.

23. Defendants deny the allegations contained in Paragraph 23.

24. Defendants deny the allegations contained in Paragraph 24.

Defendants deny and dispute Plaintiff's entitlement to any relief sought including, but not limited to, declaratory judgment, compensatory damages, consequential damages, liquidated damages, punitive damages and/or attorneys' fees.

## COUNT II (Promissory Estoppel)

25. Defendants repeat and reallege their responses to Paragraph 1-24 of the Complaint set forth above, in response to Paragraph 25 of the Complaint.

26. Defendants deny the allegation contained in Paragraph 26.

27. Paragraph 27 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 27.

28. Paragraph 28 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 28.

29. Paragraph 29 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 29.

Defendants deny and dispute Plaintiff's entitlement to any relief sought including, but not limited to, declaratory judgment, compensatory damages, consequential damages, liquidated damages, punitive damages and/or attorneys' fees.

## COUNT III (Unpaid Wages Due and Owing)

30. Defendants repeat and reallege their responses to Paragraph 1-29 of the Complaint set forth above, in response to Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31.

32. Paragraph 32 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 32.

33. Paragraph 33 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 33.

34. Defendants deny the allegations contained in Paragraph 34.

35. Paragraph 35 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 35.

36. Paragraph 36 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 36.

Defendants deny and dispute Plaintiff's entitlement to any relief sought including, but not limited to, declaratory judgment, compensatory damages, consequential damages, liquidated damages, punitive damages and/or attorneys' fees.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defenses

1. Plaintiff failed to satisfy all internal and/or administrative procedures.

#### Second Affirmative Defense

2. Plaintiff is barred from obtaining relief sought under the doctrines of after-acquired evidence, unclean hands, laches, waiver and/or estoppel.

#### Third Affirmative Defense

3. Upon information and belief, Plaintiff has failed to mitigate his damages.

#### Fourth Affirmative Defense

4. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

#### Fifth Affirmative Defense

5. Defendants' actions were based on legitimate factors, and were not based on discriminatory or other improper motive.

**Sixth Affirmative Defense**

6.  This action or any relief sought by Plaintiff is barred, in whole or in part, because Defendants may have additional defenses that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that discovery has not yet been completed. Accordingly, Defendants reserve the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

**WHEREFORE**, Defendants Washington Hospital Center and MedStar Health, Inc., respectfully request that the Complaint be dismissed in its entirety and that the Court grant Defendants such other and further relief as is deemed just and proper.

Respectfully submitted,

Dated: February 15, 2006                    /s/
Keith J. Harrison (D.C. Bar No. 416755)
Daniel M. Creekman (D.C. Bar 488983)
KING PAGANO & HARRISON
1730 Pennsylvania Ave, N.W., Suite 900
Washington, DC 20006
(202) 371-6800
(202) 371-6770 (fax)

Counsel for Defendants
Washington Hospital Center and MedStar Health, Inc.