IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KLAUS PREILIPPER,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON HOSPITAL CENTER<br><br>and<br><br>MEDSTAR HEALTH<br><br>Defendants. | Civil Action No: 05-cv-01359 |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE AMENDED ANSWER

Defendants Washington Hospital Center and MedStar Health, Inc., by counsel, respectfully submit this Memorandum of Law in Support of their Motion for Leave to File an Amended Answer. In support of their motion, Defendants state as follows:

### Factual Background

The Complaint in this case was filed on July 8, 2005. The Complaint alleged three counts. The first Count (Count I) alleged violation of the Age Discrimination in Employment Act (ADEA). Count II alleged a violation of the doctrine of Promissory Estoppel. Count III alleged a violation of the District's Wage Law, specifically §§ 32-1303 and 32-1308, due to unpaid wages. Defendants filed a timely Answer on September 15, 2005. Unbeknownst to the parties, however, the Answer as filed did not include any response to the allegations set forth in Counts II or III of the Complaint.

The failure to answer the allegations of the last two counts of the Complaint was not intentional, but was instead, inadvertent. Indeed, both parties proceeded as if Defendants had denied all of the allegations of the Complaint for at least five months. No mention of the omission was made in the Rule 16.3 pleading jointly filed by the parties. No mention of the omission was made before, during or after the parties' status conference held on October 31, 2005. Plaintiff and Defendants each propounded discovery seeking information concerning all of the allegations of the Complaint.

**Legal Standards Regarding Motions for Leave to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. Rule 15(a) makes clear that leave to file an amended pleading shall be "freely given when justice so requires." Whether to grant a motion to amend a pleading is within the sound discretion of the Court. Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). However, it is an abuse of that discretion to deny a motion to amend without a "justifying" or sufficient reason. Foman v. Davis, 371 U.S. 178 (1962). Reasons for denying a motion to amend include such reasons as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies . . . undue prejudice to the opposing party . . . futility of amendment, etc." Id. Generally, under Rule 15(a), the non-movant bears the burden of persuading the Court that a motion to amend should be denied. See Dove v. Washington Metro. Area Transit Auth., 221 F.R.D. 246, 247 (D.D.C. 2004); see also Gudavich v. District of Columbia, 22 Fed. Appx. 17, 18 (D.C. Cir. Dec. 27, 2001) (noting the non-movant "failed to show prejudice from the district court's action in allowing the motion to amend").

**Argument and Authorities**

This Court should grant leave to amend the Answer in this case under Rule 15(a) of the Federal Rules of Civil Procedure because there has been no prejudice to Plaintiff resulting from Defendants' inadvertent oversight. Recently, this Court in <u>Nurriddin v. Goldin</u>, 382 F. Supp. 2d 79 (D.D.C. 2005) granted a defendant's motion to amend its answer to add affirmative defenses raised at the time of summary judgment. In <u>Nurriddin</u>, because the defendant failed to raise the affirmative defense of exhaustion in its Answer, the defendant moved for leave to amend the Answer to include this defense at the same time that it filed its summary judgment motion. Without this amendment, defendant could not have asserted the exhaustion arguments contained in its motion for summary judgment. <u>See</u> 126 F.3d 339, 344 (D.C. Cir. 1997) (noting that unlike in some circuits, in the D.C. Circuit an affirmative defense cannot be raised for the first time in dispositive motions, but must be raised in responsive pleadings).

In <u>Nurriddin</u>, the plaintiff vigorously challenged the motion to amend, arguing that defendant's failure to raise exhaustion in its answer resulted in waiver of the defense. The plaintiff also contended that he had been prejudiced by having to respond to defendant's motion for summary judgment and motion to amend. <u>Id.</u> Finally, the plaintiff argued that the defendant's motion should be denied as untimely given the length of time that had passed (eleven months) between the filing of his Second Amended Complaint and the motion to amend. <u>Id.</u> at 2.

In granting the defendant's motion to amend, the <u>Nurriddin</u> Court reasoned,

> The key issue in considering a motion to amend is whether the non-movant will suffer any prejudice from the amendment. Plaintiff has not established how he would be prejudiced by permitting this amendment, other than having

3

>to respond to the defense, nor can the Court envision a basis for prejudice. Although eleven months passed between defendant's answer and this motion for leave to amend the answer, there is no evidence that the delay was in bad faith. See Long v. Wilson, 393 F.3d 390, 399 (3rd Cir. 2004) (14-month delay in raising status of limitations defense not prejudicial where no evidence of bad faith); Block v. First Blood Associates, 988 F.2d 344, 351 (2d Cir. 1993) (court permitted statute of limitations defense raised for first time four years after complaint filed because no bad faith, and untimeliness of suit not affected by passage of time). Furthermore, the inclusion of the exhaustion defense does not necessitate additional discovery,  as the only relevant fact is whether plaintiff raised the claims in his administrative action. The affirmative defense of exhaustion is principally a question of the legal significance of plaintiff's failure to exhaust. Hence, there is no issue of lost evidence. This amendment also would not preclude plaintiff from raising any arguments or defenses or taking other steps to negate this affirmative defense. See Block, 988 F.2d at 350 (permitting late affirmative defense where plaintiff's response to the defense was not affected by the delay in raising the defense).  Defendant has briefed the defense in its motion for summary judgment, and plaintiff has responded to those arguments. Therefore, the Court will grant defendant's motion for leave to amend and permit defendant to amend its answer to include the affirmative defense of failure to exhaust.

Nurriddin, 382 F. Supp. 2d at 91-92.

Like the plaintiff in Nurriddin, Plaintiff here will suffer no prejudice by the granting of Defendant's Motion for Leave to File an Amended Answer.  Indeed, Plaintiff has suffered no prejudice from the delay in amending the answer. Defendant's five month delay in filing an Amended Answer pales in comparison to the eleven month period of delay in Nurriddin.  Moreover, the parties have already been proceeding as if Defendants had denied all of the claims in Plaintiff's Complaint.

Accordingly, for the reasons set forth above, Defendants respectfully request that the Court grant their Motion to Amend.

          Respectfully submitted,

Dated: February 15, 2006

          /s/
          Keith J. Harrison (D.C. Bar No. 416755)
          Daniel M. Creekman (D.C. Bar. No.488983)
          KING PAGANO HARRISON
          1730 Pennsylvania Ave, N.W., Suite 900
          Washington, DC 20006
          (202) 371-6800
          (202) 371-6770 (fax)

          Attorneys for Defendants Washington
          Hospital Center and MedStar Health, Inc.