IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KLAUS PREILIPPER** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 05-cv-01359 |
| ) | |
| **WASHINGTON HOSPITAL CENTER** ) | |
| ) | |
| and ) | |
| ) | |
| **MEDSTAR HEALTH** ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS WASHINGTON HOSPITAL CENTER AND MEDSTAR HEALTH'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**INTRODUCTION**

Plaintiff's Motion for Judgment on the Pleadings should be denied for three reasons. First, Plaintiff has filed the wrong motion. Second, Defendants Washington Hospital Center and MedStar Health's (collectively, "the Hospital") Motion for Leave should be granted, rendering Plaintiff's Motion moot. Third, even if all the facts alleged in Counts II and III of the Complaint are deemed admitted, the claims still fail to state claims for which relief can be granted.

As an initial matter, Plaintiff has sought the wrong relief. Where a defendant fails to Answer, a Plaintiff may not seek relief through a Rule 12(c) Motion for Judgment on the Pleadings. Instead, the plaintiff must pursue a motion for default under Rule 55. Secondly, this Court should grant the Hospital's Motion for Leave to File Amended Answer and dismiss Plaintiff's Motion for Judgment on the Pleadings as moot. As discussed in the Hospital's

78105

Memorandum in Support of its Motion for Leave, the Hospital's failure to answer or otherwise respond to paragraphs 25-36 of Plaintiff's Complaint was neither willful nor due to bad faith, but rather, inadvertent. In addition, Plaintiff has suffered no prejudice from the Hospital's inadvertent omission and will not suffer any prejudice from allowing the Hospital to amend its Answer. Granting the Hospital's Motion for Leave and denying Plaintiff's Motion for Judgment will not prejudice Plaintiff and will result in a judicially favored decision on the merits rather than a disfavored decision on a technical default.

Finally, Plaintiff's Motion should be denied because, even if the Court considers that the allegations pertaining to Counts II and III as admitted, both counts are nonetheless meritless. Count II, alleging promissory estoppel, is both legally and factually meritless because Plaintiff received what he was promised – temporary, at-will employment. Count III, alleging violations of the D.C. Wage and Hour Laws, is not ripe for judgment because the allegations, even if considered admitted, are conclusions of law, not fact. Accordingly, this Court should deny Plaintiff's Motion for Judgment on Pleadings.

## FACTUAL BACKGROUND

Plaintiff's three count Complaint was filed on July 8, 2005. The first and primary Count (Count I) alleges a violation of the Age Discrimination in Employment Act (ADEA). Count II alleges an ancillary violation of the doctrine of Promissory Estoppel. Count III alleges an ancillary violation of the District's Wage Law, specifically §§ 32-1303 and 32-1308, due to unpaid wages. The main thrust and gravamen of Plaintiff's Complaint, however, is his age discrimination claim in Count I. The Hospital filed a timely Answer on September 15, 2005. Unbeknownst to the parties, however, the Answer as filed did not include any response to the ancillary allegations set forth in Counts II or III of the Complaint.

The failure to answer the allegations of the last two counts of the Complaint was not intentional, but was instead, inadvertent. Indeed, the Hospital answered the primary claim of the Complaint, while inadvertently omitting its answers to the two counts alleging collateral damage from the alleged age discrimination. Moreover, both parties proceeded as if the Hospital had denied all of the allegations of the Complaint for at least five months. For example, as Plaintiff admits in his motion, the "facts and issues surrounding Counts II and III of the Complaint were discussed" at the Court's ordered mediation. Plaintiff's Memorandum at pp.3-4. No mention of the omission was made in the Rule 16.3 pleading jointly filed by the parties. No mention of the omission was made before, during or after the parties' status conference held on October 31, 2005. Plaintiff and Defendants each propounded and responded to discovery seeking information concerning all of the allegations of the Complaint. It was not until February 14, 2006, when Plaintiff filed the instant Motion for Judgment on the Pleadings that the Hospital became aware of its inadvertent omission. The Hospital took immediate steps to remedy this oversight by filing a Motion for Leave to File Amended Answer the next day, February 15, 2006.

## ARGUMENT

**A.     Plaintiff's Rule 12(c) Motion Is Improper, Untimely, And Must Be Denied.**

Plaintiff's motion for judgment on the pleadings should be denied without prejudice because it is improper and untimely. Coca-Cola Bottling Co. v. Local Union 1035, Int'l Bhd. of Teamsters, 973 F. Supp. 270, 272 (D. Conn. 1997). A motion for judgment on the pleadings is to be filed at the close of the pleadings. See Fed. R. Civ. P. 12(c). The Hospital has not yet filed an answer to Counts II and III of the Complaint, and thus the pleadings cannot be considered closed. 2A J. Moore & J. Lucas, Moore's Federal Practice, Vol. 2 § 12.38 (Matthew Bender 3d ed.) ("If the pleadings have not closed because the defendant has failed to answer, the plaintiff's

remedy is not a judgment on the pleadings. The proper motion in that situation is a motion for judgment of default under Rule 55"). Where a defendant fails to answer, a motion for default judgment under Fed. R. Civ. P. 55 is proper, rather than a motion for judgment on the pleadings. Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1367 (2d ed. 1990). Accordingly, "Were the motion for judgment on the pleadings the only dispositive motion on file, it would be denied without prejudice as improper." Coca-Cola Bottling Co. 973 F. Supp. at 272 n.2.

Here, the only motion before the Court is a motion pursuant to Rule 12(c) as to Counts II and III, which is untimely because the Hospital has not yet answered Counts II and III of the Complaint. See Plaintiff's Motion for Judgment on the Pleadings. As a result, Plaintiff's motion for judgment on the pleadings under Rule 12(c) must be denied as improper under the Federal Rules.

**B.    The Hospital's Motion to Amend Its Answer Should Be Granted.**

This Court should grant the Hospital leave to Amend its Answer and deny Plaintiff's Motion for Judgment on the Pleadings as moot. It is well settled in this Court that "courts should not pretermit decisions on the merits for merely technical defaults." Nichols v. Board of Trustees, 835 F.2d 881, 890 (D.C. Cir. 1987). Thus, "[d]efault judgments are not favored by modern courts, perhaps because it seems inherently unfair to use the court's power to enter and enforce judgments as a penalty for delays in filing." Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980). As the D.C. Circuit noted, "The policy underlying the modernization of federal procedure ... (was) the abandonment or relaxation of restrictive rules which prevent the hearing of cases on their merits." H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C. Cir. 1970) (per curiam). Moreover, "Judicial policy strongly favors

deciding cases on their merits rather than by default judgments; therefore, default judgments are usually reserved for totally unresponsive parties." Savage v. Scales, 310 F. Supp. 2d 122, 127 (D.D.C. 2004).

In the instant case, the Hospital has not been "totally unresponsive." Rather, the Hospital timely filed an answer, albeit an unintentionally incomplete one, participated in mediation, propounded and responded to discovery requests, and immediately sought to remedy the incomplete Answer by filing its Motion for Leave to Amend when the Hospital was first made aware of its omission. Indeed, the Hospital made clear its intentions to contest Plaintiff's claims by answering and denying Plaintiff's age discrimination claim, the primary claim of the Complaint.

As stated in the Hospital's Motion for Leave, allowing the Hospital to amend its Answer is appropriate because Plaintiff will not suffer any prejudice from the amendment and has not suffered any prejudice from the Hospital's inadvertent omission. The absence of any prejudice is demonstrated by the fact that the parties have proceeded throughout mediation and discovery as if the Hospital had denied the allegations of Counts II and III of Plaintiff's Complaint. In light of the parties pre-trial conduct, the Hospital's pending effort to amend its Answer, and the fact that courts "universally favor trial on the merits," Keegel v. Key West & Caribean Trading Co., Inc., 627 F.2d 372, 375 (D.C. Cir. 1980), this Court should grant the Hospital leave to Amend its Answer and deny Plaintiff's Motion for Judgment on the Pleadings as moot.

**C.   Counts II and III of Plaintiff's Complaint Are Meritless, Even If the Court Deems The Allegations Admitted.**

    **1.   Plaintiff's Promissory Estoppel Claim Is Without Factual or Legal Merit.**

Even if the Court were to consider Plaintiff's motion on its merits, the motion should still be denied because Plaintiff's promissory estoppel claim is without legal or factual basis. Both the

5

law of the District of Columbia and the facts set forth in the Hospital's Answer require this Court to deny Plaintiff's motion for judgment on the pleadings as to Plaintiff's promissory estoppel claim (Count II).

First, as Plaintiff admits in his Complaint, he was only offered a temporary position that was, at all times an at-will position, and, therefore, cannot maintain a claim of promissory estoppel, as a matter of law.  Second, even if Plaintiff could maintain such a claim, which he cannot, the Hospital denied in its Answer all of the substantive allegations on which the claim is based.  Accordingly, Plaintiff's motion as to Count II should be denied because it is both legally and factually unsupportable.

### a. Plaintiff's Promissory Estoppel Claim is Legally Meritless.

In the District of Columbia, absent express language indicating particular terms or duration of employment, the employment relationship is presumed to be at-will. Carter v. George Washington Univ., 180 F. Supp. 2d 97, 109 (D.D.C. 2001) (citing Sisco v. GSA Nat'l Capital Fed. Credit Union, 689 A.2d 52, 53 (D.C. 1997); United States ex rel. Yesudian v. Howard Univ., 153 F.3d 731, 745 (D.C. Cir. 1998)). This presumption  applies unless the parties "state clearly their intention to limit the employer's right to terminate," Taylor v. Wash. Metro. Area Transit Auth., 922 F. Supp. 665, 674 (D.D.C. 1996) (citation and internal quotation marks omitted), such as by a contract provision setting out employment for a fixed term or language that allows termination only for cause. See Hodge v. Evans Fin. Corp., 707 F.2d 1566 (D.C. Cir. 1983).  In order to rebut the presumption of at-will employment, "a plaintiff must provide evidence of clear contractual intent on the part of both the employer and the employee." Lance v. UMW 1974 Pension Trust, 355 F. Supp. 2d 358, 360 (D.D.C. 2005) (citing Choate v. TRW, Inc., 14 F.3d 74, 76 (D.C. Cir. 1994) (internal citations omitted)).

Here, Plaintiff has failed to allege that he was not an at-will employee. Specifically, there are no allegations indicating that the parties intended to limit the Hospital's right to terminate or otherwise guarantee Plaintiff a fixed term of employment. Rather, the only allegation is that Plaintiff was offered a "full-time temporary position." Complaint at ¶ 9. By its very terms, Plaintiff's admitted offer was temporary, thereby affirmatively refuting any argument that Plaintiff was guaranteed or promised a fixed term of employment. Both Plaintiff's at-will status and his temporary status are equally fatal to his promissory estoppel claim and together mandate denial of his motion for judgment.

Under District of Columbia law, to establish a promissory estoppel claim, Plaintiff must show (1) a promise; (2) that the promise reasonably induced reliance on it; and (3) that the promisee relied on the promise to his detriment. Simard v. Resolution Trust Corp., 639 A.2d 540, 552 (D.C. 1994) (citing Bender v. Design Store Corp., 404 A.2d 194, 196 (D.C. 1979)). Accordingly, "Demonstration of a promise is a prerequisite to invocation of the doctrine of promissory estoppel." Simard, 639 A. 2d at 552 (quoting United States Jaycees v. Bloomfield, 434 A.2d 1379, 1384 (D.C. 1981). "Where a plaintiff fails to establish a promise addressing the conditions of discharge on the term of employment" in support of a promissory estoppel claim based on an offer of employment, the claim must fail, as a matter of law. Simard, 639 A.2d at 552 (citing Bender, 404 A.2d at 196).

Here, Plaintiff has not pled that the so-called "promise" on which he relied was a promise of employment for any specific period of time. Rather, Plaintiff has specifically alleged that he was offered a "full-time temporary position." Complaint at ¶ 9. More specifically, Plaintiff was offered, and he accepted, temporary at-will employment by the Hospital. Complaint and Answer at ¶ 9 – 11. Not only does Plaintiff's at-will status negate any argument that he was promised

7

employment for a fixed period, but his admission of accepting a temporary position conclusively proves there was no promise that must be enforced through operation of the promissory estoppel doctrine. Rather, the only evidence is that the Hospital did nothing more than honor the promise that it made: temporary at-will employment. Thus, rather than grant a judgment against the Hospital, Plaintiff's promissory estoppel claim should be dismissed for failure to state a claim upon which relief may be granted. The Court, therefore, cannot grant Plaintiff's motion for judgment because, even if the facts alleged are true, Plaintiff's claim still fails as a matter of law.

      **b.  <u>Plaintiff's Promissory Estoppel Is Factually Meritless.</u>**

Even if Plaintiff as an at-will employee could claim maintain a claim for promissory estoppel, he cannot do so in the instant case because the Hospital denied in its Answer all the substantive allegations on which the claim is based. Plaintiff's promissory estoppel claim is based entirely on the facts alleged in paragraphs 7 through 11 of the Complaint, which the Hospital answered in the first instance. Specifically, Paragraph 7 through 11 of the Complaint states,

> 7. As set forth below, Defendants have engaged in a pattern and practice of acts that have discriminated against Plaintiff in employment opportunities on account of his age.
>
> 8. On or around April 12, 2004, Plaintiff was terminated from his position with MEDSTAR at Georgetown University Hospital in Washington, D.C., due to an alleged reduction in force.
>
> 9. Approximately, two days later, Plaintiff received an unsolicited phone call from a representative of Defendants, offering Plaintiff a full-time temporary position as a Senior Compensation Analyst at the Hospital Center.
>
> 10. Plaintiff accepted Defendants' offer of employment and began employment at the Hospital Center on April 26, 2004.

8

11. As a result of Defendants' unsolicited phone call and offer of employment, and in reasonable reliance on that promise of employment, Plaintiff did not seek alternative employment subsequent to his termination from the Georgetown University Hospital.

In its Answer, the Hospital denied all of the factual allegations related to Plaintiff's Promissory Estoppel claim. Specifically, the Hospital's Answers to Paragraphs 7 through 11 of the Complaint state:

7. Defendants deny the allegations contained in Paragraph 7.

8. Defendants are without sufficient information with which to admit or deny the allegations contained in Paragraph 8 and, therefore, deny all allegations contained in Paragraph 8.

9. Defendants admit that at some point in April of 2004, Keith Murvin called Plaintiff to offer him a temporary position performing compensation analysis in the Compensation Department within Human Resources. Defendants deny all remaining allegations contained in Paragraph 9.

10. Defendants admit that Plaintiff began employment at the Hospital Center on or about April 26, 2004. Defendants deny all remaining allegations contained in Paragraph 10.

11. Defendants are without sufficient information with which to admit or deny the allegations contained in Paragraph 11 and, therefore, deny all allegations contained in Paragraph 11.

As demonstrated above, the Hospital has not only answered, but properly denied any facts that would entitle Plaintiff to relief based on a theory of promissory estoppel. Therefore, based on both the allegations in the pleadings before the Court, as well as the well-settled case law of the District of Columbia, Plaintiff's motion for judgment on the pleadings as to Count II of the Complaint must be dismissed.

### 2. Plaintiff's Motion Should Be Denied As To His Wage Claim Because the Claim Sets Forth Conclusions of Law, Not Allegations of Fact.

Count III of the Complaint alleges Unpaid Wages Due and Owing Under D.C. Code §§ 32-1303 and 32-1308.  Again, this claim is ancillary to Plaintiff's age discrimination claim.  The essence of this claim is Plaintiff's assertion in Paragraph 33 that:

> As relevant here, the wages Defendants failed to pay Plaintiff for unused sick and vacation leave constitute "wages" under D.C. Code § 32-1303.

Complaint ¶ 33.

Whether the benefits the Hospital allegedly failed to pay Plaintiff constitute "wages" under D.C. Code § 32-1303 is a question of law for the Court. As such, this allegation constitutes a legal conclusion to which no response in the form of an Answer was required.

First, Plaintiff was on notice before any lawsuit was filed that he was not entitled to have his paid-days-off balance paid to him upon his separation.  Plaintiff was specifically informed in writing that non-temporary "employees must be employed for at least six (6) months as a Washington Hospital Center employee before they are eligible to use paid days off or have them paid out at the point of departure." See Letter dated November 30, 2004 from Kathleen Chapman to Klaus Preilipper (attached as Ex. A). Plaintiff admits in his Complaint that he was a non-temporary employee from July 6, 2004 (Complaint ¶ 12) until November 3, 2004 (Complaint ¶ 14) – a total of only four months.  The written explanation Plaintiff received was not only sent to Plaintiff before this lawsuit, but it was also disclosed in discovery to Plaintiff.  Thus, Plaintiff was well

aware of the Hospital's position that its policy prevented the payment of the so-called "wages" that he seeks in Count III of the Complaint.

Second, "wages" is a defined term under Section 32-1301 of the D.C. Code. "Wages," as defined by the Act, "means monetary compensation after lawful deductions, owed by an employer for labor or services rendered, whether the amount is determined on a time, task, piece, commission, or other basis of calculation." D.C. Code § 32-1301. Whether Plaintiff's "unused sick and vacation leave" constitutes "wages" under D.C. law is a conclusion of law, not a statement of fact. Conclusory legal and factual allegations, however, need not be considered by the court. Domen v. Nat'l Rehabilitation Hosp., 925 F. Supp. 830, 837 (D.D.C. 1996) (ruling on a 12(b)(6) motion) (citing Papasan v. Allain, 478 U.S. 265, (1986) (stating in the context of a Rule 12(b)(6) motion that "Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation"); see generally 2A J. Moore & J. Lucas, Moore's Federal Practice § 12.07 (Matthew Bender 3d ed.). As the D.C. Circuit stated in Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994), "the court need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." Id. While the above legal standards refer to a motion to dismiss, these same standards apply to the motion for judgment based on the pleadings sought by Plaintiff. 2A J. Moore & J. Lucas, Moore's Federal Practice, § 12.38 (Matthew Bender 3d ed.) ("Because a motion for failure to state a claim under Rule 12(b)(6) is an analog to the

motion for judgment on the pleadings under Rule 12(c), most of the voluminous authority on Rule 12(b)(6) applies to Rule 12(c)").

Finally, the Hospital's Answer had already stated that Plaintiff was offered a position as "a temporary position performing compensation analysis in the Compensation Department within Human Resources." Answer at ¶ 9. Temporary employees at the Washington Hospital Center are not entitled to benefits such as payment for unused sick and vacation leave. Non-temporary employees are only entitled to benefits after six months of employment. Given the Hospital's factual assertion that Plaintiff was a temporary employee for over two months and a non-temporary employee for only four months, the question of whether such an employee's unused sick leave and vacation leave constitute employee benefits that qualify as "wages" under D.C. law is, at best, a mixed question of law and fact, but more properly a question of law. This Court is not bound to accept the legal conclusions of the Complaint that are couched as factual allegations. As a result, Plaintiff's motion for judgment on the pleadings should be denied as to Count III of the Complaint.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that Plaintiff's motion be denied, that Defendants' motion for leave to amend be granted, and that the Court grant such further relief as is deemed just and proper.

Respectfully submitted,

Dated:  February 27, 2006

                /s/
Keith J. Harrison (D.C. Bar No. 416755)
Daniel M. Creekman (D.C. Bar. No.488983)
KING PAGANO HARRISON
1730 Pennsylvania Ave, N.W., Suite 900
Washington, DC 20006
(202) 371-6800
(202) 371-6770 (fax)

Attorneys for Defendants Washington Hospital Center and MedStar Health, Inc.